# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PAUL DAVID BIRD, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-150 |
| ) | |
| CHATHAM COUNTY DETENTION ) | |
| CENTER, AL ST. LAWRENCE, ) | |
| Sheriff, McARTHUR HOLMES, Jail ) | |
| Administrator, OFFICER SMITH, ) | |
| and JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

On October 17, 2007, this Court granted plaintiff Paul Bird leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of that order. Doc. 4. Bird returned both forms before the deadline; therefore, this case is ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern

civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine Bird's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Paul David Bird, Jr., confined at the Chatham County Jail, filed this 42 U.S.C. § 1983 action on October 9, 2007. Doc. 1. Bird seeks to recover for injuries sustained during an automobile accident that occurred while he was being transported by defendant Smith. He claims that after the accident, Smith and other jail officials were deliberately indifferent to his

serious medical needs. Doc. 1 at 5. Plaintiff asks the Court to provide him with proper medical treatment, award him a "settlement" for pain and suffering, cruel and unusual punishment, and medical malpractice, and find some way to prevent this from happening to others.[1] Id. at 6. For the reasons set forth below, his complaint should be **DISMISSED**.

On June 12, 2006, Bird and ten other inmates were involved in an automobile accident while being transported to court. Docs. 1, 3.[2] Bird alleges that he sustained severe injuries as a result of the negligence of Officer Smith, the van's driver. Doc. 1 at 5. The jail transport van collided with another van, apparently driven by defendant Jane Doe. Bird believes the accident occurred because Smith was not properly focused on his driving. He claims that Smith had the van's radio on and was talking on a cellular phone when the accident occurred. Doc. 3.

---

[1] Bird claims that jail officials attempted to prevent him from filing this § 1983 action by denying him access to the proper forms. Doc. 3. The Court will not treat this as a claim for denial of access to the courts for three reasons. First, plaintiff has successfully filed this claim, indicating that the correct forms were eventually provided him. Second, his requested relief entirely revolves around Eighth Amendment cruel and unusual punishment related issues. Finally, plaintiff failed to name any defendant who bore responsibility for denying him the proper § 1983 complaint forms.

[2] Plaintiff filed an amended complaint on October 15, 2007. Doc. 3. The Court will consider it along with plaintiff's original complaint.

None of the detainees was wearing a seatbelt at the time of the collision. Doc. 1 at 5. Bird alleges that the collision resulted in his "back and neck being twisted." Doc. 3. After the accident, an ambulance was called to the scene. Doc. 1 at 5. Bird alleges that Smith prevented the ambulance's paramedics from examining the passengers. Id. Instead, the detainees were brought back to the jail, id., where a doctor examined Bird for "about 2 minutes." Doc. 3. The doctor simply ran his hand from the base of Bird's neck to bottom of his spine, provided no consultation, then prescribed Tylenol for pain. Id. Bird states that the jail's medical staff, one year after the fact, still refuses to treat him. Id. He alleges that the injuries sustained in the accident were so severe that they caused him to fall on the floor in his cell. Id. After the fall, Bird states that he could not get up, so he urinated on himself for two days. Id. He was later "placed in confinement" on false charges relating to the fall. Id.

Bird cannot obtain relief under § 1983 for the alleged negligence of Officer Smith and Jane Doe in causing the automobile accident. Daniels v. Williams, 474 U.S. 327, 328 (1986) (a prison official's negligence in failing to protect an inmate from harm does not give rise to a cause of

action under § 1983); Hill v. Shobe, 93 F.3d 418, 421 (7th Cir. 1996) (vehicle accident caused by public official not actionable under § 1983 absent showing official knew accident was imminent and consciously refused to prevent it); Oliver v. Ga. Dep't of Corr., 2006 WL 3086792, at *2 (M.D. Ga. Oct. 27, 2006) ("Mere negligence on the part of prison officials resulting in injury to an inmate under their care does not represent a constitutional violation."). Constitutional violations require something more.

The Eighth Amendment is violated only when an "official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[S]ubjective recklessness as used in the criminal law . . . [is] the test for 'deliberate indifference' under the Eighth Amendment." Id. at 839-40. Bird claims that Smith caused the accident because he was distracted by his cell phone and the radio. Doc. 3. He does not allege that Smith, or Jane Doe, had actual knowledge of any impending harm which that they consciously refused to prevent. Hill v. Shobe, 93 F.3d at 421. At most, Smith and Doe acted negligently. Accordingly, Bird's claim against Smith and Doe for causing the accident

must fail. Bird may have a state law claim against the drivers, but the Constitution does not afford him a remedy.

Furthermore, to the extent that Bird seeks to recover for Smith's failure to secure him in a seatbelt, "failure to seatbelt an inmate does not violate the constitution." Oliver, 2006 WL 3086792 at *3 (quoting Dexter v. Ford Motor Co., 92 F. App'x 637, 643-44 (10th Cir. 2004)). "At most, such failure constitutes negligence." Id.

Bird also seeks to recover for an alleged deprivation of necessary medical care. In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Negligence alone, however, is insufficient to state an Eighth Amendment claim for deliberate indifference under § 1983. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Mere negligence or malpractice does not violate the eighth amendment. Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates

the eighth amendment."). Bird appears to allege that Officer Smith, the jail's treating physician, and the rest of the jail's medical staff were deliberately indifferent to his serious medical needs.

Bird claims that Officer Smith was deliberately indifferent to his serious medical needs by refusing to allow him to be treated by the on-the-scene paramedics. Doc. 3. Smith's decision simply does not rise to the level of deliberate indifference. The Eleventh Circuit has held that a delay in access to medical care that is "tantamount to 'unnecessary and wanton infliction of pain,'" may constitute deliberate indifference to a prisoner's serious medical needs. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quoting Estelle, 429 U.S. at 104). But that court has also stated that some delay in rendering medical care may be tolerable, depending on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994). In this case, Bird acknowledges that he was transported to the jail soon after the accident and was afforded a prompt medical examination upon his arrival at the jail. Such a brief interlude is within the range of tolerable delays and does not amount to deliberate indifference to Bird's

medical needs. See Oliver, 2006 WL 3086792 at *4.

Bird also appears to allege that the treating physician's brief examination violated the Constitution. Bird's claim fails for two reasons. First, he failed to name the treating physician as a defendant in his complaint. Second, the physician's actions, at most, amounted to medical malpractice, which does not rise to the level of deliberate indifference required by the Eighth Amendment. Rogers, 792 F.2d at 1058.

Finally, Bird alleges that the jail's medical staff still refuses to treat him. Doc. 1. Even if Bird has properly asserted a claim of deliberate indifference with respect to his current medical care, he cannot recover against the jail's "medical staff," which is not an entity subject to suit under § 1983. Harris v. Matar, 1995 WL 9247, at *1 (N.D. Ill. 1995) (Department of Corrections Medical Staff is "neither a person nor an entity subject to suit because of a lack of legal existence"); Ferguson v. Morgan, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (correctional facility medical staff not a person under § 1983); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Dean v. Barber, 951 F.2d

1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit). Accordingly, the jail's medical staff should be **DISMISSED** from the suit.

Finally, Bird's complaint also fails in two other respects. Bird names Al St. Lawrence and McArthur Holmes as defendants. Doc. 1. They appear to be named based solely upon their positions as the officials charged with overall supervision of the jail. Bird has failed to offer any specific allegations as to how these defendants contributed to the claimed constitutional deprivations. Id. Bird never alleges that either defendant was in any way personally involved in perpetrating the alleged misconduct. Id. They are never once mentioned in the body of the complaint. Id.

Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts

or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Accordingly, Al St. Lawrence and McArthur Holmes are not proper parties to this suit and should be **DISMISSED**.

Finally, Bird names the Chatham County Jail as a defendant. Doc. 1. Like the medical staff, a jail is not a proper legal entity subject to suit. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept.

11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace, 144 F. App'x at 795 (county police department not a legal entity subject to suit under § 1983); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. Mar. 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence).

For all of the above reasons, Bird's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this *14Th* day of November, 2007.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**